

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-1994

# Kadelski v. Sullivan

Precedential or Non-Precedential:

Docket 93-1891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Kadelski v. Sullivan" (1994). *1994 Decisions.* Paper 77.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/77

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

—————————

NO.  93-1891
—————————

WALTER KADELSKI,

                              Appellant

v.

LOUIS W. SULLIVAN, Secretary
of Health and Human Services


—————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 89-cv-04430
—————————

Submitted Under Third Circuit LAR 34.1(a) March 24, 1994
Before:  HUTCHINSON, ROTH, and ROSENN, Circuit Judges
Opinion Filed July 8, 1994
—————————

THOMAS R. YORKO, ESQ.
Bomze & Yorko, P.C.
Suite 1300
1401 Arch Street
Philadelphia, PA  19102
  Attorney for Appellant

STEVEN M. ROLLINS, ESQ.
Department of Health & Human Services
3535 Market Street
Room 9100
Philadelphia, PA  19101
  Attorney for Appellee

—————————

OPINION OF THE COURT
—————————


ROSENN, Circuit Judge.


1

This appeal presents a procedural issue, the determination of which has significant substantive consequences: does a remand order to a federal administrative agency by a United States District Court adopting the Report and Recommendation of a magistrate judge, which constitutes a judgment, require that it be set forth in a separate document as provided by Federal Rule of Civil Procedure 58? The district court held that its order need not be stated in a separate document and therefore denied as untimely the appellant's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Appellant timely appealed. We vacate and remand.

I.

In 1988, Appellant Walter Kadelski, filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. After the Secretary of Health and Human Services (the Secretary) denied his request for benefits, Kadelski, pursuant to 42 U.S.C. § 405(g), sought judicial review by filing suit in the United States District Court for the Eastern District of Pennsylvania. In response to cross-motions for summary judgment, a magistrate judge concluded that the administrative law judge's (ALJ) decision was not supported by substantial evidence. Accordingly, the magistrate judge recommended that the case be remanded to the Secretary for further administrative proceedings. On March 2, 1992, the district court issued an order adopting the magistrate

2

judge's Report and Recommendation as the decision of the court.[1]

Upon remand, the Secretary found that Kadelski was entitled to disability insurance benefits. Subsequently, on January 11, 1993, Kadelski returned to the district court and filed his application for attorney's fees and costs under the EAJA. The court, finding that Kadelski had failed to apply for an EAJA Award "within 30 days of final judgment in the action", 28 U.S.C. § 2412(d)(1)(B), denied the application as untimely. Kadelski's motion for reconsideration was also denied. On April 5, 1993, the district court vacated its March 30, 1993 order pending the outcome of a similar case, Shalala v. Schaefer, 113

---

[1] The district court's remand order reads as follows:

> ORDER
> AND NOW, this 2nd day of March, 1992, upon careful consideration of the Report and Recommendation of United States Magistrate Judge Richard A. Powers, III in this action, and the Court concluding that [the] Magistrate Judge's . . . thorough analysis is completely persuasive, and in the absence of exceptions to the Report and Recommendation, it is hereby ORDERED that:
>
> 1. The Report and Recommendation of February 12, 1992 is Approved and the analysis therein is ADOPTED as that of the court;
>
> 2. Plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is DENIED;
>
> 3. This action shall be REMANDED to the Secretary for reconsideration by the Administrative Law Judge consistent     with the opinion of Magistrate Judge Powers and with the aid of a medical advisor in conformity with Social Security Rule    83-20.

S. Ct. 2625 (1993). After Schaefer was decided, the district court once again denied Kadelski's application. Kadelski's subsequent motion to vacate that order was denied. Kadelski appealed.

## II.

Although determinations of attorney fee awards under the EAJA are generally reviewed under an abuse of discretion standard, Pierce v. Underwood, 487 U.S. 552, 562 (1988), questions of law, such as the proper interpretation of the EAJA and Supreme Court precedent, are subject to plenary review. Dewalt v. Sullivan, 963 F.2d 27, 29 (3d Cir. 1992).

> The EAJA provides that the district court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As a prerequisite to an award of fees, a claimant must file an application for fees "within thirty days of final judgment in the action." Id. at § 2412(d)(1)(B). The statute defines "final judgment" as "a judgment that is final and not appealable." Id. at § 2412(d)(2)(G).

In reviewing final agency decisions regarding disability insurance benefits, a district court may remand to the Secretary for reconsideration. 42 U.S.C. § 405(g) (Supp. 1994). In Melkonyan v. Sullivan, 111 S. Ct. 2157 (1991), the Supreme Court explained that the two kinds of remand permitted by the statute are the exclusive methods by which a district court may remand a case to the Secretary. Sentence four of § 405(g)

4

provides "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). The sixth sentence of 42 U.S.C. § 405(g) provides:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id.

In Schaefer, the Supreme Court reaffirmed its previous holdings that a remand order pursuant to sentence four of §405(g), as opposed to sentence six, constitutes a judgment, which squarely falls within the term "final judgment" as used in the EAJA, when it no longer can be appealed. Schaefer, 113 S.Ct. at 2629 (citations omitted).[2] Thus, at the outset we must ascertain the nature of the remand order to determine if the

___

[2] We note parenthetically that the Court's holding in Schaefer that a district court cannot retain jurisdiction upon remanding a case pursuant to sentence four, Schaefer, 113 S.Ct. at 2629-30, and its holding that a claimant who obtains judgment under sentence four is deemed a prevailing party for purposes of the EAJA, id. at 2631, overrules our holdings to the contrary in Persichetti v. Secretary, Health and Human Services, 990 F.2d 80 (3d Cir. 1993).

district court entered final judgment in the case. A district court may order a sentence-six remand in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. See §405(g) (sentence six); Schaefer, 113 S.Ct. at 2629 n.2. As the district court's remand order does not fit within either situation, it was unquestionably entered pursuant to sentence four.

Having determined that the district court's remand order was a fourth-sentence remand, we now proceed to determine if Kadelski's fee application was timely filed. As noted above, the Court in Schaefer reiterated that a fourth-sentence remand order constitutes a "final judgment," when it no longer is subject to appeal. Id. at 2929. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that the time for appeal from a civil case in which an officer of the United States is a party is sixty days after entry of judgment in the district court. A prevailing party must then file an application for attorney's fees within thirty days after the time for appeal has expired. See §§ 2412(d)(1)(B), (d)(2)(G); Schaefer, 113 S.Ct. at 2632.

Kadelski filed his application more than 90 days after the remand order which constituted the judgment in the case. Thus, at first blush, his application does not seem to satisfy the requirements of the EAJA. Nevertheless, Kadelski's claim is not time barred because the district court did not enter a separate document as required by Federal Rule of Civil Procedure 58. Schaefer, 113 S.Ct. at 2632. The Rule not only requires

6

that every judgment be formally set forth "on a separate document," but that "[a] judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed. R. Civ. P. 58. The entry of such a separate document unequivocally fixes the effectiveness of the judgment and avoids problems such as have arisen in this case and those cited in the following paragraph. See Schaefer, 113 S.Ct. at 2632 (citing United States v. Indrelunas, 411 U.S. 216, 220 (1973) (per curiam)).

Because the March 2 remand order was a judgment, see Schaefer 113 S.Ct. at 2632, a separate document of judgment should have been entered. Here, as in Schaefer, the district court entered the remand order but did not enter a separate Rule 58 judgment. Thus, absent a formal judgment, the district court's remand order remained appealable at the time Kadelski filed his application for EAJA fees, and therefore his application was timely under § 2412(d). Schaefer, 113 S.Ct. at 2632; see also Newsome v. Shalala, 8 F.3d 775 (11th Cir. 1993); Curtis v. Shalala, 12 F.3d 97, (7th Cir. 1993); Gray v. Secretary of Health and Human Services, 3 F.3d 1584 (9th Cir. 1993); Freeman v. Shalala, 2 F.3d 552 (5th Cir. 1993).

The Secretary argues vigorously that, notwithstanding Schaefer, Rule 58 was complied with in the present case. The Secretary cites to a number of cases that hold that an order adopting a magistrate judge's Report and Recommendation satisfies Rule 58. See Mason v. Groose, 942 F.2d 515, 516 (8th Cir. 1991), cert. denied, 112 S.Ct. 891 (1992) (order adopting Magistrate's report and recommendation satisfies Rule 58); Laidley v. McClain,

7

914 F.2d 1386, 1390 (10th Cir. 1990) (same); Alman v. Taunton Sportswear Mfg. Corp., 857 F.2d 840, 843 (1st Cir. 1988) (same), cert. denied, 109 S.Ct. 1173 (1989); United States v. Perez, 736 F.2d 236, 238 (5th Cir. 1984) (same). These cases, however, were all decided prior to the Supreme Court's decision in Schaefer, which involved a remand order precisely similar to this case adopting the Report and Recommendation of a magistrate judge,[3] and in which the Court held that order does not satisfy Rule 58 unless a separate document of judgment is entered. Thus, they are no longer controlling in light of Schaefer.

Moreover, contrary to the Secretary's contention, the clerk of court's notation on the docket that the case was closed is not determinative. The clerk did not mark the case closed pursuant to an order entered by the court; rather, the clerk followed an internal office procedure that whenever a case is remanded, the clerk marks the case closed on the docket sheet. The same case closed notation also appeared on the docket sheet in Schaefer and the court did not find the notation instructive.

## III.

Accordingly, we hold that a judgment of a district court remanding a case to an administrative agency remains appealable unless a separate document formally setting forth the judgment is entered in accordance with Federal Rule of Civil Procedure 58. Therefore, the judgment of the district court denying Kadelski's motion for attorney's fees will be vacated and

---

[3]See Newsome, 8 F.3d 779 n.19 (quoting Sullivan v. Schaefer Petition for Writ of Certiorari, Appendix E).

8

the case remanded to the district court to enter judgment in accordance with Rule 58 and for such other proceedings as are consistent with the opinion, including consideration whether the Government's position was substantially justified as provided by the EAJA.

Costs taxed against the appellee.