Roland OUTLAW, Plaintiff,

v.

Shirley S. CHATER, Commissioner of the
Social Security Administration,[1]
Defendant.

Civ. A. No. 92–02089 (CRR).

United States District Court,
District of Columbia.

Nov. 20, 1995.

---

1. On March 31, 1995, the Social Security Administration became an independent agency. Pursuant to section 106(d)(2) of the Social Security Independence and Program Improvement Act, Pub.L. No. 103–296, 108 Stat. 1464, 1477, and Fed.R.Civ.P. 25(d)(1), Shirley S. Chater, Commissioner of the Social Security Administration, is hereby substituted for Donna E. Shalala, Secretary of Health and Human Services.

Angus E. Finney, Attorney, Towson, MD, and William J. Hickey, Attorney, Washington, DC, for Plaintiff.

Dara A. Corrigan, Assistant United States Attorney, and Eric H. Holder, Jr., United States Attorney, Washington, DC, for Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court is the defendant's Motion to Dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), filed in the above-entitled case on September 12, 1995. The plaintiff filed an Opposition thereto on September 22, 1995, to which the plaintiff replied on October 3, 1995. Upon consideration of the entire record herein and the law applicable thereto, the Court shall grant the defendant's Motion to Dismiss.

### BACKGROUND

On September 10, 1992, pursuant to 42 U.S.C. § 405(g), the plaintiff filed a civil action in this Court, seeking judicial review of the Secretary of Health and Human Service's final decision denying his applications for disability insurance benefits and granting, in part, his application for supplemental security income. On March 29, 1994, this Court issued a Memorandum Opinion and Order remanding the case to the agency because the decision of the Secretary was not supported by substantial evidence on the basis of the record as a whole. The Court's Order provided that both parties shall have the right to re-open the case within 30 days following completion of the administrative proceedings.

On June 8, 1995, the agency granted the plaintiff a partially favorable decision. On August 16, 1995, the plaintiff filed a Motion to Reopen the above-captioned case, along with a Motion for production of agency records under the Freedom of Information–Privacy Act ("FOIA"), and an application for costs and fees under the Equal Access to Justice Act ("EAJA"). At that time, however, it appeared to the Court that the agency proceedings were not yet complete, since the plaintiff had filed exceptions to the partially favorable decision with the agency. Accordingly, the Court held a status conference pursuant to Rule 16 of the Federal Rules of Civil Procedure to address that matter. At the status conference, counsel for both parties concurred that the agency proceedings had not yet been completed and that, therefore, any Motions filed in the above-captioned case since the Court's March 29, 1994 remand were moot.

Also at the status conference, the defendant raised, for the first time, a challenge to the Court's jurisdiction over the above-captioned case. Specifically, the defendant asserted that the Court's March 29, 1994 remand was ordered pursuant to "sentence four" of 42 U.S.C. § 405(g) and, according to the Supreme Court case *Shalala v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a district court may not retain jurisdiction over a case remanded pursuant to sentence four of 42 U.S.C. § 405(g). Thus, the question presented to the Court is whether the Court must grant the defendant's Motion pursuant to Rule 12(b)(1) to Dismiss for lack of subject matter jurisdiction.

### DISCUSSION

THE COURT SHALL GRANT THE DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

■ The Court must be ever mindful of its duty to ensure that it has jurisdiction over the matter before it. *Accord Market St. Assocs. Ltd. Partnership v. Frey,* 941 F.2d 588, 590 (7th Cir.1991) (bench and bar have "nondelegable duty to police the limits of federal jurisdiction with meticulous care"). Accordingly, a challenge to the subject matter jurisdiction of a court may be raised at any time by a party or the court. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

### The Court's March 29, 1994 Remand Was Ordered Pursuant To Sentence Four Of 42 U.S.C. § 405(g).

In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). *Schaefer,* — U.S. at ——, 113 S.Ct. at 2629. Those provisions of § 405(g) read:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing [sentence four].... The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the [Commissioner] for further action by the [Commissioner], and it may at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ... [sentence six].

42 U.S.C. § 405(g).

■ A sentence six remand "may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Schaefer,* 113 S.Ct. at 2629 n. 2; *Melkonyan v. Sullivan,* 501 U.S. 89, 100, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78 (1991). Under any other circumstances, a remand is presumed to be a sentence four remand. *See Schaefer,* — U.S. at —— & n. 2, 113 S.Ct. at 2629 & n. 2; *accord Kadelski v. Sullivan,* 30 F.3d 399, 401 (3d Cir.1994) ("As the district court's remand order does not fit within either [sentence six]

situation, it was unquestionably entered pursuant to sentence four.").

■ In its March 29, 1994 Memorandum Opinion, this Court determined that the Secretary failed to properly evaluate the opinions and testimony of two of the plaintiff's treating physicians. The Court's accompanying Order remanded for further consideration and development of the record. Although the Court's Order did not specify which sentence of § 405(g) provided the Court's authority for its remand, the Order fits squarely within sentence four of § 405(g) as a judgment "reversing the decision of the Commissioner [and] remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g) (sentence four). Furthermore, the Order was not issued under either of the two circumstances under which a sentence six remand would have been appropriate, *i.e.,* the remand did not involve new material evidence or a request by the Secretary to remand. Thus, the Court's March 29, 1994 Order is properly considered a sentence four remand. *See Schaefer,* — U.S. at ——, 113 S.Ct. at 2629.

### The Supreme Court Has Held That A District Court May Not Retain Jurisdiction After Remand Under Sentence Four of 42 U.S.C. § 405(g).

■ In a case presenting facts nearly identical to these, the Supreme Court held that a district court may not retain jurisdiction of the underlying civil action when it remands a social security case under sentence four of 42 U.S.C. § 405(g). *Compare Schaefer,* 113 S.Ct. at 2629 (if a case is remanded pursuant to sentence four, court enters judgment on remand and does not retain jurisdiction) *with Melkonyan v. Sullivan,* 501 U.S. 89, 97, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991) (if a case is remanded pursuant to sentence six, the court retains jurisdiction and contemplates entering final judgment following completion of the administrative proceedings). The Court reasoned that "the plain language of sentence four ... authorizes a district court to enter a judgment 'with or without' a remand order, not a remand order 'with or without' a judgment."

*Id.,* —— U.S. at ——, 113 S.Ct. at 2629.[2] The Court stated, "a sentence-four remand order terminates the civil action," so that "each final decision by the secretary is reviewable by a separate piece of litigation." *Id.,* 113 S.Ct. at 2630 (quoting *Sullivan v. Finkelstein,* 496 U.S. 617, 624–625, 110 S.Ct. 2658, 2663–2664, 110 L.Ed.2d 563 (1990)).

Accordingly, this Court must conclude that it lacks jurisdiction over the above-captioned case following its remand pursuant to sentence four of 42 U.S.C. § •405(g). The Court shall grant the defendant's Motion to Dismiss under Rule 12(b)(1).

The Court notes that in opposition to dismissal, the plaintiff has argued only that the Court retained jurisdiction over the instant case in accordance with its "general remand authority". In *Melkonyan,* the Supreme Court explained that, "[w]hile normally courts have inherent power, among other things, to remand cases, both the structure of § 405(g), as amended, and the accompanying legislative history show Congress' clear intent to limit courts to two kinds of remands in these cases." 501 U.S. at 103, 111 S.Ct. at 2165 (citation omitted). Thus, in § 405(g) cases, the Court's authority to remand is derived only from sentences four or six. *Melkonyan* and *Schaefer* clearly delineate the jurisdictional repercussions of remand pursuant to each sentence.

Also in support of his Opposition, the plaintiff relies on an excerpt from H.R.Rep. No. 96–100, p. 13 (1979). The language excerpted accompanies an amendment to sentence six of § 405(g), and reads as follows:

> Your committee's amendment would require that a remand would be authorized only on a showing that there is new evidence which is material, and that there was good cause for failure to incorporate it into the record in a prior proceeding.... This language is not to be construed as a

limitation of judicial remands currently recognized under the law in cases which the Secretary has failed to provide a full and fair hearing, to make explicit findings, or to have correctly apply [sic] the law and regulations.

The language in the Report simply explains that sentence six does not limit a district court's ability to order remands under sentence four. *Melkonyan,* 501 U.S. at 101, 111 S.Ct. at 2164. That passage says nothing about the effect of either remand on the district court's continuing authority over the underlying civil action. Against the clear weight of *Melkonyan* and *Schaefer,* the plaintiff's Opposition is unpersuasive.

## THE TIME PERIOD FOR FILING AN EAJA APPLICATION FOR THE CIVIL ACTION TERMINATING IN REMAND SHALL RUN FROM THE DATE OF ENTRY OF THIS JUDGMENT.

■ As a final matter, the Court will address the effect of the Court's decision on the timeliness of an EAJA application. An EAJA application must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court, in *Schaefer,* held that a plaintiff's EAJA application filed more than a year after a district court had remanded under sentence four was not time-barred because the district court had not yet entered a formal judgment under Rule 58 of the Federal Rules of Civil Procedure. Rule 58 requires a district court to set forth every judgment on a separate document, and that a judgment is effective only when so set forth. The *Schaefer* Court held that, although the district court's remand order was a "final judgment," no "separate document" of judgment was entered and, thus, the 30–day time period under EAJA had not yet begun to run. —— U.S. at ——, 113 S.Ct. at 2632.[3]

---

**2.** A principle factor that distinguishes sentence four remands from sentence six remands is the requirement of an "immediate entry of judgment [in sentence four cases], as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court [in sentence six cases]." *Shalala v. Schaefer,* —— U.S. ——, ——, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993).

**3.** *Accord Kadelski v. Sullivan,* 30 F.3d 399 (3d Cir.1994) (fee application filed more than 90 days after a sentence four remand which purported to retain jurisdiction was not time-barred because no Rule 58 formal judgment was entered); *Kolman v. Shalala,* 39 F.3d 173 (7th Cir.1994) (although district court's attempt to retain jurisdiction after a sentence four remand was void, the remand did not trigger running of

As occurred in *Schaefer,* no Rule 58 formal judgment was entered when the Court remanded the present case. Thus, any EAJA application for the civil action that was remanded to the agency on March 29, 1994 will not be time-barred if filed within 30 days from the date of the Order and Final Judgment issued of even date herewith. *See Schaefer,* —— U.S. at ——, 113 S.Ct. at 2632; *see also* n. 3, *infra.*

### CONCLUSION

For the foregoing reasons, the Court shall grant the defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Court's Order and Final Judgment, issued of even date herewith, shall trigger the time period for filing any EAJA fee application for the civil action remanded by the Court's March 29, 1994 Memorandum Opinion and Order. Furthermore, upon completion of the agency proceedings currently underway, the plaintiff may file a new civil action under 42 U.S.C. § 405(g) if judicial review thereof is so desired.

thirty-day period for filing fee application); *Freeman v. Shalala,* 2 F.3d 552 (5th Cir.1993) (district court's failure to enter a formal judgment after a sentence four remand meant that the order remained appealable and fee application filed more than a year later was not time-barred.); *Gray v. Secretary of Health and Human Services,* 3 F.3d 1584 (9th Cir.1993) (fee application held not time-barred after sentence four remand in which no formal judgment was entered pursuant to rule 58).