**Roland OUTLAW, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of the Social Security Admin., Defendant.**

**Civil Action No. 92–2089 (CRR).**

United States District Court, District of Columbia.

April 1, 1996.

Angus E. Finney, Towson, Maryland, and William J. Hickey, Washington, DC, for Plaintiff.

Dara Corrigan, Assistant United States Attorney, and Eric H. Holder, Jr., United States Attorney, Washington, DC, for Defendant.

Stephen H. Schwartz, Schwartz & Niles, Baltimore, Maryland, Pro Se.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-captioned case is the Application for Interim Allowance and Payment of Attorneys' Fees, Expert Fees, Costs, and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), filed on behalf of the plaintiff, by attorneys Angus E. Finney and William J. Hickey. Also before the Court in the

above-captioned case is the Petition for Approval of Attorneys' Fees and Costs, filed by attorney Stephen H. Schwartz.[1] Based on the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall deny the plaintiff's EAJA application. The Court shall deny Schwartz's petition for fees and costs, but shall direct counsel for the defendant to settle an award of attorney fees for Schwartz consistent with this Memorandum Opinion in the event the plaintiff is awarded past-due benefits after the remand proceedings are concluded.

## BACKGROUND

On September 10, 1992, the plaintiff, represented by attorneys Stephen H. Schwartz and Marvin Anderson, filed a civil action in this Court pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of the Secretary of Health and Human Services'[2] final decision denying his applications for disability insurance benefits and granting, in part, his application for supplemental security income. On March 29, 1994, the Court issued a Memorandum Opinion and Order remanding the case to the agency because the decision of the Secretary was not supported by substantial evidence on the basis of the record as a whole. The Court did not enter a final judgment at the time of its remand.

On August 16, 1995, the plaintiff, represented by attorneys Angus E. Finney and William J. Hickey, filed a Motion to Reopen this civil action and an application for costs and fees under the EAJA. The defendant filed a motion to dismiss the case for lack of subject matter jurisdiction because the Court's March 29, 1994 remand was ordered pursuant to "sentence four" of 42 U.S.C. § 405(g) and, according to the Supreme Court case *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a district court may not retain jurisdiction over a case remanded pursuant to sentence four of 42 U.S.C. § 405(g).

On November 20, 1995, the Court granted the defendant's Motion to Dismiss. The Court held that its March 29, 1994 remand under sentence four of 42 U.S.C. § 405(g) had terminated its jurisdiction over the civil action. The Court retained jurisdiction for the limited purpose of hearing the plaintiff's application for attorney's fees under the EAJA.

On December 18, 1995, attorneys Finney and Hickey filed an application for attorneys' fees, expert fees, costs, and expenses pursuant to the EAJA. On February 12, 1996, attorney Schwartz filed a petition for attorney fees and costs. On February 14, 1996, the defendant filed an Opposition. On March 19, 1996, the plaintiff filed a Reply.

## DISCUSSION

### I. THE PLAINTIFF'S EAJA APPLICATION SHALL BE DENIED.

Pursuant to the EAJA, a Court may award "reasonable fees and expenses of attorneys, in addition to [costs], to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(b). "Fees and expenses" include

1. In his petition, Schwartz asks the Court to award him fees and costs. Schwartz's petition does not specify the basis for his claim of fees and costs, whether it be the EAJA or the Social Security Act. The Court notes, however, that pursuant to the EAJA, the Court may award fees and costs only to a prevailing *party*. There is no indication that Schwartz's petition has been filed on behalf of the plaintiff in the above-captioned case and, in fact, Schwartz no longer represents the plaintiff. Regardless, the Court could not consider Schwartz's petition under the EAJA because the "itemized statement" portion of the petition was filed February 26, 1996, after the February 20, 1996 EAJA deadline in this case.

Accordingly, the Court shall treat Schwartz's petition as one for attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

2. On March 31, 1995, the Social Security Administration became an independent agency. Pursuant to section 106(d)(2) of the Social Security Independence and Program Improvement Act, Pub.L. No. 103–296, 108 Stat. 1464, 1477, and Fed.R.Civ.P. 25(d)(1), Shirley S. Chater, Commissioner of the Social Security Administration, was substituted for Donna E. Shalala, Secretary of Health and Human Services. *See Outlaw v. Chater*, 906 F.Supp. 1, 2 (D.D.C.1995) (Mem.Op. and Order).

the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. § 2412(d)(2)(A).

**a. The EAJA Does Not Authorize Attorneys' Fees, Costs, or Expenses for Finney and Hickey Because They Did Not Represent the Plaintiff in His Civil Action Before this Court.**

■ A Social Security claimant is not entitled to reimbursement of attorney's fees under the EAJA for work performed by an attorney before the Social Security Administration prior to filing the complaint. *Accord White v. United States,* 740 F.2d 836, 841 (11th Cir.1984); *Guthrie v. Schweiker,* 718 F.2d 104, 108 (4th Cir.1983); *cf. Webb v. Board of Educ. of Dyer County,* 471 U.S. 234, 243, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985). Nor is a Social Security claimant entitled, under the EAJA, for reimbursement of attorney's fees and costs for work performed after a sentence four remand under 42 U.S.C. § 405(g), since the remand constitutes a final judgment in the case. *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (only when court retains jurisdiction under sentence six remand are attorney fees available under the EAJA for representation on remand); *Cooper v. United States R.R. Retirement Bd.,* 24

F.3d 1414 (D.C.Cir.1994) (when court remands to agency and does not retain jurisdiction, no fees are available for the remand proceedings). This is so notwithstanding the failure of the court to issue a final judgment upon remand in accordance with Fed. R.Civ.P. 58. *Raines v. Shalala,* 44 F.3d 1355, 1362–63 (7th Cir.1995).

■ Since the above-entitled case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), the filing of the complaint on September 10, 1992 and the Court's remand on March 29, 1994 mark the beginning and end of the civil action in this matter and, thus, the approximate time period for which EAJA fees may be awarded. On September 10, 1992, attorneys Schwartz and Anderson filed the Complaint in the above-captioned case. Attorney Schwartz later retained attorney Jay L. Cohen. These attorneys represented the plaintiff before this Court through March 29, 1994, the date of the Court's remand. Finney appeared before the Court in August 1995 [3] as the plaintiff's new attorney and retained Hickey, as a member of the D.C. bar, to appear on his behalf. Because attorneys Finney and Hickey did not represent the plaintiff in his civil action before this Court, which terminated on March 29, 1994, the plaintiff is not entitled to recover any fees or costs for their services under the EAJA.

**b. The EAJA Does Not Authorize an Award for the Cost of Mr. Mazur's Services.**

In the petition filed by attorneys Finney and Hickey, the plaintiff has requested reimbursement for the services of a Mr. Mazur who, the plaintiff asserts, acted as an "expert disability consultant." [4] Plaintiff's Reply at 11. The plaintiff claims he is entitled to an award of the reasonable fees of Mazur in accordance with section 2412(d) of the EAJA.

■ Section 2412(d) authorizes an award of the "reasonable expenses of expert *wit-*

---

**3.** Mr. Finney states that he has represented the plaintiff since August 17, 1994. *See* Plaintiff's Opposition to Defendant's Motion for Enlargement of Time, filed February 7, 1996.

**4.** There is no evidence that Mazur is an attorney, nor has the Court been provided with Mazur's resume, qualifications, address, or phone number.

*nesses.*" 28 U.S.C. § 2412(d)(2)(A) (emphasis added). The plaintiff does not assert, and there is no basis here upon which to conclude, that Mazur served as an expert witness in this case. Rather, as the plaintiff has stated, Mazur was an "expert disability consultant," and not a witness at all.

█ The EAJA also authorizes "the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case...." Of the 846 hours, 44 minutes Mazur claims he spent on the case between August 1984 and December 1995, the Court calculates that 141.5 hours were logged by Mazur in the time period relating to the above-captioned civil action before this Court.[5] During this time, the time entries submitted to the Court indicate that Mazur reviewed records, conducted research, communicated with Schwartz, and, apparently at Schwartz's request, prepared a memorandum raising "points which [Mazur] feels should be addressed in [the plaintiff's] brief with appropriate citations to the record and to legal authority." Mazur's efforts appear to have culminated in the filing of the plaintiff's response and reply to the defendant's motion for judgment of affirmance in the above-captioned case.

A pleading responsive to the government's motion for judgment of affirmance does not constitute a "study, analysis, engineering report, test, or project" necessary for the preparation of the plaintiff's case for which reimbursement is authorized under section 2412(d)(2)(A) of EAJA. Rather, the preparation and filing of pleadings is covered by the attorney fee provisions of EAJA. In this regard, Schwartz, the attorney who represented the plaintiff in the above-captioned case has claimed attorney's fees for the same service. *See Oklahoma Aerotronics, Inc. v. United States,* 943 F.2d 1344, 1347 (D.C.Cir. 1991) ("The district court must disallow claims for 'excessive, redundant, or otherwise unnecessary' charges....") (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). There is

no provision in the EAJA allowing for compensation of Mazur's services in this case.

## II. THE PETITION OF SCHWARTZ SHALL BE DENIED; THE DEFENDANT SHALL BE DIRECTED TO SETTLE AN AWARD OF ATTORNEY FEES FOR SCHWARTZ IN THE EVENT THE PLAINTIFF IS AWARDED PAST-DUE BENEFITS AFTER THE REMAND PROCEDURES ARE CONCLUDED.

█ Title 42 of the United States Code, section 406(b) provides for attorney fees in Social Security Act ("Act") cases:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b). Section 406(b) authorizes a fee award by a court for court-related services, whereas section 406(a) authorizes the Commissioner to set fees for representation in agency proceedings. *See* 42 U.S.C. § 406.

Courts have held that a remand from the district court is considered a favorable judgment when the claimant subsequently receives administrative or judicial award of benefits. *See, e.g., Brown v. Sullivan,* 917 F.2d 189 (5th Cir.1990); *Conner v. Gardner,* 381 F.2d 497 (4th Cir.1967). Therefore, pursuant to the Act, the court shall allow reasonable attorney fees to Schwartz, contingent on

---

**5.** In so doing, the Court added the entries on or between November 20, 1992 and August 12, 1993.

**18**

the award of past-due benefits to the plaintiff after the remand proceedings are completed.

Attorney Schwartz claims that he spent 110.9 hours, between the dates January 24, 1992 through April 6, 1994, "in representation of the Plaintiff appealing the adverse Administrative Decision of August 5, 1991 to this Honorable Court resulting in the Order 29 March 1994." Schwartz Petition at 4. Schwartz's petition requests $13,862.50, representing 110.9 billable hours at $125.00 per hour, his billable rate in 1985. The petition also requests $310.54 in costs.

The Court shall allow reasonable attorney fees for 109.4 hours of work, which is the total amount of documented time spent by attorney Schwartz between the dates of August 12, 1992, when Schwartz reviewed the file and pleading procedures of the Court, through April 6, 1994, when Schwartz reviewed the Opinion and Order issued in the above-entitled case. The Court will not allow fees for the 1.5 hour of work claimed on January 24, 1992, described as "Review file and District Court Order," since this entry could not relate to the above-entitled action, which was not filed until September 1992.

As for the costs, Schwartz asks for reimbursement for messenger service costs, fees to the Court of Appeals for the Fourth Circuit, service of process costs, fees of the clerk, copy costs, and postage. However, section 406(b) does not provide for the award of costs; therefore, the Court shall deny Schwartz these costs.[6]

As a final matter, the Court notes that the Act proscribes an award of fees in excess of 25 percent of the past-due benefits. To the Court's knowledge, there has been no final agency determination of past-due benefits. The Court shall deny Schwartz's petition, but shall direct the defendant, in the event past-due benefits are awarded to the plaintiff, to settle a judgment of attorney's fees for Schwartz for the lesser of (1) 109.4 hours of work at a reasonable rate, or (2) 25 percent of the past-due benefits.

### CONCLUSION

For the foregoing reasons, the Court shall deny the plaintiff's EAJA application. The Court shall deny the petition of Schwartz, however, the Court shall direct the defendant to settle an award of attorney's fees for Schwartz upon the award of past-due benefits to the plaintiff after the remand proceedings are completed. Schwartz shall retain the right to reopen the above-captioned case if the defendant does not comply with this Court's Order, which the Court shall issue of even date herewith consistent with the foregoing Memorandum Opinion.

---

6. Of these costs, only fees of the clerk of this Court, service of process costs, and copy costs for copies of papers obtained for use in this case could have been recovered pursuant to the EAJA. See 28 U.S.C. § 1920(1) and (4); *Cooper v. United States R.R. Retirement Bd.*, 24 F.3d 1414, 1417

(D.C.Cir.1994) (expenses such as taxi fares, messenger services, travel expenses, telephone bills, and postage not eligible for reimbursement as "costs" under EAJA) (citing *Massachusetts Fair Share v. Law Enforcement*, 776 F.2d 1066, 1069–70 (D.C.Cir.1985)).