**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3180

_____

JODI ANN CHUTE,
Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-21-cv-00877)
District Judge: Hon. Alan N. Bloch

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 5, 2023

Before: CHAGARES, *Chief Judge*, HARDIMAN and FREEMAN, *Circuit Judges*

(Filed: September 13, 2023)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Jodi Chute appeals the District Court's judgment affirming the denial of her claim

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for disability insurance benefits under Title II of the Social Security Act. The District Court found that substantial evidence supported the Administrative Law Judge's finding that Chute was not disabled during the relevant period. It also found that Chute's new evidence was not material. We will affirm.

I

Chute worked for more than 20 years as a Comcast customer service representative. Until 2008, her job involved "sitting the entire time" and did not require lifting or carrying anything of meaningful weight. AR 41. Starting in 2008, however, she had to stand in the lobby for much of the day and carry equipment weighing up to 50 pounds. Chute quit her job in 2015 or 2016, allegedly due to her ailments, including orthostatic tremors and osteoarthritis.

Chute first applied for disability benefits in 2017, but her application was denied, and she did not appeal. She filed her present application in 2019, asserting that several conditions limited her ability to stand and walk. She was denied disability benefits again, both initially and on reconsideration. Chute then requested a hearing before an ALJ. The ALJ held a hearing and denied her application, finding her not disabled.

Chute submitted new evidence to the Appeals Council, which denied her request for review after finding that it was not reasonably probable that the new evidence would change the ALJ's decision. The Council's denial made the ALJ's decision the final decision of the Commissioner.

Chute appealed the decision to the District Court. The District Court granted judgment for the Commissioner. Chute filed this appeal.

2

II[1]

A

Chute challenges the ALJ's finding at step four of the Social Security Administration's five-step sequential process for determining disability. *See* 20 C.F.R. § 404.1520(a). She says the ALJ erred in finding that because she had the residual functional capacity (RFC) to perform sedentary work with restrictions, she could perform past relevant work. We hold that the ALJ's findings are supported by substantial evidence.

Several of Chute's arguments rely on the evidence she submitted to the Appeals Council after the ALJ made her finding—specifically, an assessment conducted two weeks after the ALJ issued her decision. But we cannot consider evidence not before the ALJ when reviewing whether substantial evidence supports the ALJ's decision. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Chute therefore misses the mark in alleging that this extra evidence shows the ALJ "unfairly discounted" her physical limitations. Chute Br. 7.

Chute asserts two other errors in the ALJ's decision. First, she claims the ALJ "direct[ly] contradict[ed]" herself by finding, at step *two* of the analysis, that Chute's orthostatic tremors and osteoarthritis are severe impairments limiting her ability to do

---

[1] The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. We, like the District Court, review the Commissioner's decision for substantial evidence. 42 U.S.C. § 405(g); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). We cannot reweigh the evidence or substitute our own conclusions; we must uphold a decision that is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

3

certain "basic work activities," 20 C.F.R. § 404.1520(c), and then, at step *four* of the analysis, that Chute's RFC shows she can perform her past sedentary work. Chute Br. 9. We reject this argument. Step four's comparison of the claimant's RFC to the requirements of her past relevant work necessarily incorporates the step-two determination of severe impairment: an ALJ never reaches step four *unless* a severe impairment has been found at step two. *See* 20 C.F.R. § 404.1520(a)(4), (c), (e). And that Chute cannot do *some* basic work activities does not mean that her *past relevant* work involved those activities. So the ALJ's finding of severe impairment at step two did not require a finding at step four that Chute could not perform her past relevant work.

Second, Chute accuses the ALJ of not considering her impairments in combination, as the Social Security Act regulations require. But the ALJ thoroughly reviewed the record before her and expressly considered Chute's impairments in combination in finding that Chute had "the residual functional capacity to perform sedentary work" with listed restrictions. AR 20; *see also* AR 16 (acknowledging that regulations require holistic consideration). The ALJ found that Chute's orthostatic tremors and osteoarthritis were severe impairments and explained the extent to which her reflux condition, enlarged thyroid, fractured finger, and mental health conditions, though not severe, limited certain work activities, and the ALJ accounted for this in her RFC finding. We accordingly reject this argument too.

Applying our highly deferential standard of review, *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), we conclude that substantial evidence supports the ALJ's finding that Chute was not disabled.

B

Chute also argues that the Appeals Council erred by not remanding the matter to the ALJ in light of Chute's supplemental evidence and that the District Court erred in not remanding to the Commissioner for similar reasons. District courts may enter a "sentence six" remand under 42 U.S.C. § 405(g) when a claimant shows good cause for not putting new and material information before the agency. *Kadelski v. Sullivan*, 30 F.3d 399, 401 (3d Cir. 1994). The District Court determined that Chute's new documentation was not material because it was not reasonably probable that it would have changed the ALJ's decision. *See Szubak v. Sec'y of Health & Hum. Servs.*, 745 F.2d 831, 833 (3d Cir. 1984). We agree.

Chute argues that remand was warranted because her attorney informed the ALJ that Chute would see a specialist after the hearing. But that exchange does not suggest materiality. Chute also argues that the Appeals Council "fail[ed] to consider" the new evidence. Chute Br. 7. Yet the Council "considered [Chute's] reasons" for disagreeing with the ALJ's decision and consulted Chute's new evidence. AR 1–2. Nor was the Council's decision not to *exhibit* the new evidence an error: only evidence that is judged material need be marked. *See* 20 C.F.R. §§ 404.970(a)(5), 404.976(b).

And we do not agree with Chute that the new evidence shows her "condition got worse" after the ALJ's decision. Chute Br. 17. A physical examination report dated from late December 2020—nearly two months after the ALJ hearing—indicates that Chute's back spasms had improved, that she reported low musculoskeletal pain scores from the past month, that her joint and muscle sensory input had improved, and that she made

advancements in hip extension and foam walking. The occupational therapist who summarized Chute's updated assessment observed that Chute "demonstrates the ability to perform activities within a Sedentary physical category," AR 111, and is "capable of performing activities that fall in the sedentary category," AR 115. That opinion does not disturb the ALJ's finding.

On our review of the record, it is not reasonably probable that the updated assessment would have changed the ALJ's finding that Chute can perform sedentary work. We therefore agree with the District Court that Chute's new documentation did not justify a sentence six remand because it was not material. For the same reason, the Appeals Council did not err in declining to remand the matter to the ALJ.

\* \* \*

We will affirm the District Court's judgment for these reasons.