**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2191
_____

CECILIA A. CLINKSCALE,

                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-01065)
District Judge:  Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on July 15, 2025

Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: September 3, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Cecilia Clinkscale appeals from the District Court's order remanding this matter to the Commissioner of Social Security. We will vacate that order and remand.

## I.

Clinkscale applied for Social Security disability benefits and requested a hearing before an Administrative Law Judge. The ALJ dismissed her request because she did not appear for her hearing and, according to the ALJ, did not respond to an order directing her to show cause for not appearing. Clinkscale appealed the dismissal to the Appeals Council, which declined to disturb it. Clinkscale then sought judicial review by filing pro se this action in the District Court under 42 U.S.C. § 405(g). She asked the court to either order payment of benefits or remand to the agency for further consideration.

Instead of filing an answer and the administrative record, the Commissioner filed a motion to remand the matter to the agency pursuant to the fourth sentence of § 405(g). That sentence provides: "The court shall have power to enter, upon the pleadings and transcript of the record, <u>a judgment affirming, modifying, or reversing</u> the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (fourth sentence) (emphasis added).

The only other source of a District Court's authority to remand in § 405(g) actions is the sixth sentence of § 405(g). <u>See</u> <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 99 (1991) (holding that remands under sentences four and six are "the <u>only</u> kinds of remands

2

permitted under" § 405(g)); Kadelski v. Sullivan, 30 F.3d 399, 401 (3d Cir. 1994) (so recognizing). Sentence six provides in relevant part that "[t]he court may, on motion of the Commissioner . . . made for good cause shown before the Commissioner files the Commissioner's answer, remand the case . . . for further action by the Commissioner." 42 U.S.C. § 405(g) (sixth sentence); see also Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993) (noting this provision); Kadelski, 30 F.3d at 401 (same).[1]

When a District Court remands under sentence four, the court does not retain jurisdiction and instead enters a final judgment on the merits. See Forney v. Apfel, 524 U.S. 266, 269-70 (1998); Schaefer, 509 U.S. at 297, 299-300; Johnson v. Gonzales, 416 F.3d 205, 209 (3d Cir. 2005). When a court remands under sentence six, by contrast, the court does not enter final judgment at that time and instead retains jurisdiction should further review prove necessary following additional agency proceedings. See Schaefer, 509 U.S. at 297, 299-300; Melkonyan, 501 U.S. at 99; Johnson, 416 F.3d at 209.

In this case, the Commissioner requested a remand under sentence four and issuance of a final judgment, but he did not specify the judgment sought. Nor did he state any obvious basis for a judgment on the merits. Instead, he asserted in cursory fashion that "further evaluation of the ALJ dismissal is warranted" and that, "[o]n remand, the Appeals Council will further consider whether dismissal of Plaintiff's case was

---

[1] The sixth sentence of § 405(g) also authorizes remands for consideration of new material evidence, but that part of the sentence does not appear to be implicated here.

appropriate given her March 9, 2023 response to the show cause notice." The Commissioner did not provide further details.[2] Clinkscale opposed the motion for several reasons, including that she wanted to review the administrative record. But the District Court granted the motion the next day. The only explanation it provided was that it was remanding "for further administrative proceedings consistent with Defendant's motion" and that "[t]he remand is ordered pursuant to the fourth sentence of 42 U.S.C. [§] 405(g). This is a final order." Clinkscale appeals pro se.[3]

## II.

Clinkscale argues that the District Court should not have remanded in this posture. We agree. "[I]n § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decisions in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." Melkonyan, 501 U.S. at 101-02.

---

[2] As noted above, the ALJ wrote in dismissing Clinkscale's proceeding that Clinkscale did not respond to an order to show cause. In his brief on appeal, the Commissioner now explains that Clinkscale had indeed responded but that the ALJ did not address her response. But the Commissioner did not provide that additional explanation in its motion to remand or in any other filing of record in the District Court. Nor does it appear that Clinkscale's response was itself of record such that the court could evaluate whether its substance warranted remand on the merits.

[3] We have jurisdiction to determine our own jurisdiction, see In re Lipitor Antitrust Litig., 855 F.3d 126, 142 (3d Cir. 2017), including by reviewing the nature of the remand order, see Raitport v. Callahan, 183 F.3d 101, 104-05 (2d Cir. 1999) (per curiam). Clinkscale can appeal the order even though it granted some of the relief she sought because she argues that the court should have granted more relief by ordering the payment of benefits. See Forney, 524 U.S. at 271. We do not reach that argument in light of our disposition.

The remand order in this case did neither. Although the District Court stated that it entered the order under sentence four, that label is not controlling. Cf. Sullivan v. Finkelstein, 496 U.S. 617, 628 n.7 (1990). And the court's order is not in substance a sentence-four remand because it was not entered "upon the pleadings and transcript of the record"[4] and, more importantly, did not "affirm[], modify[], or revers[e] the decision of the Commissioner." 42 U.S.C. § 405(g) (fourth sentence); see also Schaefer, 509 U.S. at 297 (explaining that sentence four "authorizes a district court to enter a judgment 'with or without' a remand order, not a remand order 'with or without' a judgment"); Melkonyan, 501 U.S. at 98 (holding that a remand order was not valid under sentence four because it "did not affirm, modify, or reverse" the decision in question and did not "make any substantive ruling" but instead "merely returned the case to the agency for disposition").[5]

The order more closely resembles a sentence-six remand because the court entered

---

[4] The Commissioner's pre-answer motion to remand was not a "pleading," see Fed. R. Civ. P. 7, and no administrative record was filed.

[5] We have considered whether the order, when read together with the Commissioner's motion, could be construed to effectively reverse the dismissal of Clinkscale's proceeding on the ground that the ALJ should have considered Clinkscale's response but did not. Cf. Cf. Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (addressing a remand order that "sufficiently implicates the merits of the Commissioner's decision to bring it within sentence four"). But the record, even as supplemented by the Commissioner's additional explanation on appeal, does not contain enough information to conclude that the ALJ actually erred in that regard. And in any event, we will not "sanitize the district court's error . . . by holding that the district court could have entered a [valid] sentence-four remand. The district court made no substantive ruling on the correctness of SSA's decision, which is a necessary prerequisite to a sentence-four remand." Krishnan v. Barnhart, 328 F.3d 685, 692 (D.C. Cir. 2003).

it on the Commissioner's pre-answer motion and without a substantive ruling. But the order was not a valid sentence-six remand either because "the District Court did not make a finding that 'good cause' had been shown, nor did the court . . . anticipate that the parties would return to court following the administrative proceedings." Melkonyan, 501 U.S. at 102. To the contrary, the court expressly entered a final order and terminated the case, but without entering the substantive judgment that sentence four requires.

Thus, because the District Court's order is not valid under either sentence four or sentence six, we will vacate and remand for further consideration. See id.; Istre v. Apfel, 208 F.3d 517, 519-21 (5th Cir. 2000); Raitport, 183 F.3d at 104-05. We note the Commissioner's assertion in his brief that there have been further developments before the agency since the District Court remanded. We express no opinion on the effect of those developments except to note the possibility that the District Court could now retain jurisdiction. That possibility might be more in keeping with the nature of the Commissioner's remand request and might benefit Clinkscale, who has shown some difficulty in navigating her various proceedings pro se. Nevertheless, we express no opinion on that issue and instead leave the nature of further proceedings on remand to the discretion of the District Court.

### III.

For these reasons, we will vacate the judgment of the District Court and remand to that court for further proceedings. Clinkscale's motions are denied.